UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA C. BURROWS,

                Plaintiff,

                                     CIVIL CASE NO. 08-CV-11697

v.

MICHAEL J. MCEVOY, WILLIAM J.       HONORABLE STEPHEN J. MURPHY, III
RICHARDS, ROBERT A. TREMAIN,
and WASHINGTON MUTUAL BANK,

                Defendants
_____/

## ORDER DISMISSING CAUSE OF ACTION

### INTRODUCTION

      Plaintiff Yolanda C. Burrows is proceeding *pro se* and *in forma pauperis* in this cause of action, originally filed on April 21, 2008. The plaintiff filed an amended complaint May 20, 2008 [docket entry #9]. The plaintiff asserts a claim against the defendants pursuant to 42 U.S.C. § 1983, alleging the defendants deprived her of due process during the course of foreclosure and eviction proceedings related to the plaintiff's homestead. The plaintiff has filed a motion for recusal of Judge Paul V. Gadola and a motion for a preliminary injunction. Defendant Tremain filed a motion to dismiss and the defendant Washington Mutual Bank has filed a motion, captioned as one for summary judgment. The Court has reviewed the relevant motions, responses, and replies and finds that oral arguments are not necessary for the resolution of these matters. *See* E.D. Mich. LR 7.1(g)(2). For the following reasons, the plaintiff's complaint will be dismissed.

The Court begins by noting that complaints filed by *pro se* litigants are to be construed liberally and should not be held to the same stringent standard as formal pleadings drafted by licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe* , 951 F.2d 108, 109 (6th Cir. 1991). Furthermore, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Examining a *pro se* complaint, special care should be taken to determine whether any set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). However, "[T]he party who brings a suit is the master to decide what law he will rely upon." *The Fair v. Kohler DieDecember 18, 2007 & Specialty Co.*, 228 U.S. 22, 25 (1913) (quoted in *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, n. 7, 107 (1987)). Therefore, it is not the role of the court to guess the nature of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

BACKGROUND

The plaintiff's amended complaint [docket entry #9], even when liberally construed, is ambiguous as to the exact nature and specific facts of her claims. The plaintiff's amended complaint is entitled, in relevant part, "Petition and Complaint in the Nature of a

Suit for Deprivation of Federally Protected Rights– 42 USC 1983. . ." The complaint alleges that the defendants:

> deprived [Plaintiff] of property without due process of law and Constitutional right to petition [the] court for redress. [Plaintiff] requested validation of WASHINGTON MUTUAL BANK'S claim of her being in default, Tremain and McEvoy succeeded in foreclosing on [Plaintiff's] property despite their failure to validate the claimed default. Mr. Richard and Mr. McEvoy subjected [Plaintiff] to a sham proceeding which deprived her of access to court, to a just review of their petition in a court of competent jurisdiction. The acts conspired to and committed by McEvoy and Richards deprived [Plaintiff] of the fruit of her Original Promissory Note. . .

Pl.'s Amended Compl., ¶ 2 (capitalization as in original).

The plaintiff attempts to summarize her claim by stating:

> The merits of the underlying cases are not at issue before this court: (1) this court wants subject matter jurisdiction to try any of the underlying litigation and (2) Yoland C. Burrows in this amended complaint notice this court of two undeniable acts, which taken together illustrate a patter of fraud by WASHINGTON MUTUAL BANK, Mr. Tremain, Mr. McEvopy, and Mr. Richards: The first predicate act of fraud is articulated in [various other portions of the complaint]. The second predicate act of fraud was composing a void order. *See* Exhibit D [a state court judgment]. Together these acts demonstrate the practice of "pigeonholing"– the evil and deceitful black art of blocking a pro se litigant from going forward on their claim and preventing them from appealing as well.

*Id.*, ¶ 6.XIV.

The Court construes the plaintiff's claim, although not explicitly set forth in the language above, as arising from events beginning in 2006. In July of 2006, the defendant Washington Mutual sent the plaintiff a "Notice of Collection Activity," indicating that she was delinquent on her mortgage payments. *See* Pl.'s Amended Compl., Ex. B, "Notice of

3

Collection Activity."[1] The plaintiff claims that she disputed the validity of the alleged debt on August 2, 2006, asserting violations of the Fair Debt Collection Practices Act. *Id.*, "2nd Request."

The plaintiff's home was then apparently sold at a sheriff's foreclosure sale in 2006, with a sheriff's deed dated December 12, 2006. *See* Pl.'s Amended Compl., Ex. C, "Order Denying Motion for 'New Trials," p. 1. The plaintiff also claims that in December of 2006, the defendant Tremain, "knowingly, falsely wrote that [Plaintiff] defaulted on a Mortgage obligation and for which he has been allowed to offer [Plaintiff's] property in a foreclosure sale by the Oakland County Sheriff." Pl.'s Amended Compl., ¶ 6.I. In that way, the plaintiff alleges that Tremain, "committed fraud by advancing writings . . . which he knew were false with the intent . . . to deprive [the plaintiff] of her homestead." Pl.'s Amended Compl., Ex. C, "Order Denying Motion for 'New Trials," p. 1. At some subsequent but unspecified date, the defendant Washington Mutual filed an action against Burrows in the 46th District Court of the State of Michigan, presumably to evict Burrows from the residence. *See id.*, pp. 1-2; Def. Washington Mutual's Mot. to Dismiss, p. 2. While the text of the plaintiff's present complaint does not clearly indicate that a hearing was held in state court, the state court judgment indicates that a hearing on the eviction complaint was held in the State of Michigan District Court for the 46th Judicial District Court on September 5, 2007, Judge

---

[1]The Court notes that the exhibits– as submitted by the plaintiff– each contain multiple unrelated documents. Further adding to the confusion, many of the documents fail to contain any page numbers. Therefore, when possible, the Court has cited not only to the exhibit as labeled by the plaintiff, but also to the title of the specific document referenced within the exhibit (*e.g.*, the "Notice of Collection Activity" document, contained within the plaintiff's Exhibit B).

William J. Richards, presiding. Judge Richards found that the plaintiff had no right to possession of the premises and indicated that if Burrows did not vacate the home, an order of eviction would be entered on September 18, 2007. *See* Pl.'s Compl., Ex. D, "Judgment Landlord-Tenant." The judgment also notified Burrows that any appeal was required to be filed by September 17, 2007. *Id.*

The plaintiff then filed a motion for "new trials" in which she argued, among other claims, that the state court lacked jurisdiction to enter an order of eviction, that she received no notice to quit, and that the underlying loan for her home was not validated. *Id.*, Ex. C, "Order Denying Motion for 'New Trials," p. 2. Judge Richards rejected each of these arguments in his September 25, 2007, written order. *Id.*, p. 3.

After reviewing each of the documents submitted in the present matter, the Court has liberally construed the plaintiff's complaint to allege a claim under 42 U.S.C. § 1983, asserting that her due process rights were violated when the defendants, each allegedly participating in the previous state court proceedings, foreclosed on her home and caused the entry of an order of eviction. *See e.g.*, Pl.'s Amended Compl., Title ("A Suit for Deprivation of Federally Protected Rights- 42 USC 1983"); *Id.* ¶ 3 ("[The defendants are] fully liable under United States Supreme Court rulings which illustrate that private individuals are within the reach of 42 USC 1983 when acting under color of law."); *Id.* ¶ 4 ("Yolanda Burrows articulates this Court's authority to act under 42 USC 1983. . ." ). The plaintiff seeks $675,000 in damages under these claims. Burrows also seeks a preliminary injunction [docket entry #3] enjoining the Oakland County Sheriff from removing her from

her residence at 21638 Hidden Rivers Drive, Southfield, Michigan. Finally, the plaintiff seeks the disqualification of Judge Paul V. Gadola from this matter.

ANALYSIS

A. Motion to Disqualify the Honorable Paul V. Gadola

The Court first addresses the plaintiff's May 20, 2008, "Motion to Recuse Judge Paul V. Gadola" [docket entry #10]. The plaintiff's motion relies upon 28 U.S.C. § 455, a statute requiring that a judge disqualify him or herself from a case when, among other scenarios, the judge's impartiality could reasonably be questioned or when the judge has a personal bias or prejudice concerning either party. The plaintiff argues that Judge Gadola has, "in the past[,] deliberately violated Yolanda C. Burrows' personal liberties and/or has wantonly refused to provide due process and equal protection to her before the [C]ourt or has behaved in a manner inconsistent with that which is needed for full, fair, and impartial hearings." Pl's Mot. to Recuse, p. 1 [docket entry #10].

Burrows previously litigated a case before Judge Gadola and that was dismissed on June 28, 2000. *See* Order Granting Motion to Dismiss, *Burrows v. Henderson*, No. 99-40022 (E.D. Mich. June 28, 2000), *aff'd*, 7 Fed. Appx. 472 (6th Cir. 2001). However, the veracity of the plaintiff's present claims about Judge Gadola's impartiality are of no consequence to the Court at this time. Although Judge Gadola was previously assigned to this case, the case was administratively reassigned to the undersigned on September 4, 2008. *See* Notice of Reassignment [docket entry #27]. Therefore, allegations regarding the impartiality of Judge Gadola are now moot. As a result, the plaintiff's motion to is also

6

moot and will be denied.

B.  Defendant Tremain's Motion to Dismiss

The defendant Robert A. Tremain filed a motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on July 24, 2008.  The defendant argues that the plaintiff's complaint against him should be dismissed because: (1) Tremain is not a state actor and therefore, cannot be liable under 42 U.S.C. § 1983, (2) this Court is without authority to hear the plaintiff's claims under the *Rooker-Feldman* abstention doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Distritct of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (3) the plaintiff's claims are barred by collateral estoppel.

It is well established that, "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007)(citations omitted).  Accordingly, Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.  *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted).

In assessing a motion brought pursuant to Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To determine whether the plaintiff has stated a claim, the

Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The Court will not presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Title 42, Section 1983, provides relief for a plaintiff that has been deprived of a federal statutory or constitutional right by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). This "under the color of state law" requirement of 42 U.S.C. § 1983 is the equivalent of the "state action" requirement for violations of the Fourteenth Amendment Due Process clause. *United States v. Price*, 383 U.S. 787, 794 n.7 (1966). When filing a claim for a violation of the Due Process clause, a plaintiff must allege some form of state action because the Due Process clause "protects individuals only from governmental and not from private action." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 930 (1982). A person qualifies as a state actor only if his actions are fairly attributable to the state. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). Private actors may be liable under 42 U.S.C. § 1983 if they conspire with state actors to violate civil rights. *Lugar*, 457 U.S. at 941; *Dennis v. Sparks*, 449 U.S. 24, 27-32 (1980).

In the present case, when liberally construed, the plaintiff appears to be alleging that Tremain participated in purportedly fraudulent proceedings that resulted in the foreclosure

of her home.  However, foreclosure by advertisement, as apparently occurred in this instance, does not constitute state action and is not covered by the Fourteenth Amendment.  *See Northrip v. Federal Nat'l Mortgage Ass'n*, 527 F.2d 23, 26-29 (6th Cir. 1975).  Additionally, because Mr. Tremain was acting as a private lawyer participating in a legally authorized procedure, he is not classified as a state actor nor can he be said to have been acting under color of state law.  *Shipley v. First Fed. Sav. & Loan Ass'n*, 703 F. Supp 1122, 1129 (D. Del. 1988) *aff'd* 877 F.3d 57 (3d Cir. 1989).  Furthermore, to the extent that the plaintiff perfunctorily asserts that Tremain "conspired under color of law" to deprive the plaintiff of constitutional rights, *see* Pl's Compl., ¶¶ 1-3, 6.X, the plaintiff's statements are mere conclusions, unsupported by any facts, and will not allow her to survive a motion to dismiss.  *Leeds*, 85 F.3d at 53.  *See also Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).  Consequently, as a matter of law, the actions alleged by the plaintiff against the defendant Robert A. Tremain are not sustainable as a claim brought pursuant to 42 U.S.C. § 1983.  *See e.g., Kafele v. Frank & Wooldridge Co.*,108 Fed. Appx. 307 (6th Cir. 2004).

Moreover, the plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The *Rooker-Feldman* doctrine prohibits a federal court from hearing those "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.*  This is just such a case.  The plaintiff was a loser in state court, Judge

9

Richards having concluded that the eviction could proceed following the foreclosure on the plaintiff's home. See Pl's Compl., Ex. C, "Order Denying Motion for New Trials." The plaintiff is now complaining of injuries caused by that judgment and, in particular, arguing that an injunction should issue preventing her eviction and that she has been deprived of property without due process of law. Pl's Amended Compl. ¶ 2. The plaintiff claims that this unjust deprivation was accomplished by several means, notably that she was deprived of discovery, *id.*, ¶ 6.XIII, was not properly notified of her appeal rights, *id.*, ¶ 6.VII, and that evidence was fraudulently submitted in furtherance of the state court judgment such that the judgment is not supported by sufficient proof. *Id.*, ¶ 6.V. Furthermore, she argues that the underlying debt was never properly validated.

"Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive of the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Tropf v. Fiedelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)(quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)) *cert. denied*, 537 U.S. 1118 (2003). Therefore, by filing the present complaint, the plaintiff is impermissibly asking this Court to review and reject the state court's judgment, a judgment rendered before the start of this litigation. It would be impossible for this Court to resolve this claim in the plaintiff's favor without determining that the state court judgment was either erroneously entered or void[2]. See *Bisbee v. McCarty*, 3 Fed. Appx. 819, 823

---

[2]Indeed, Plaintiff explicitly states that the defendants were involved in the "composing of a *void* order" in state court. Amended Compl., ¶ 6.XIV (emphasis added).

(10th Cir. 2001). As a result, this Court is barred from considering this matter under the *Rooker-Feldman* doctrine.

The Court's conclusion as to the application of the *Rooker-Feldman* doctrine finds additional support in the case of *Givens v. Homecomings Financial*, 278 Fed. Appx. 607 (6th Cir. 2008). In *Givens*, the plaintiff's home faced foreclosure and the mortgagee had obtained a state court order granting it possession of the residence. *Id.* at 608. Plaintiff Givens then sought a preliminary injunction in the United States District Court, seeking to bar the mortgagee from entering the home. *Id.* Givens asserted that the injunction was warranted because the defendants had not provided him with sufficient verification of the debt and that they had conspired against him to deprive him of the property. *Id.* The district court concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine "because Givens was asking it to reverse the state court judgment." *Id.* The Court of Appeals affirmed the district court's decision, finding that "Because Givens is effectively attempting to appeal from the state order grating possession to [the mortgagee], his suit was properly dismissed under *Rooker-Feldman*." *Id.* Such is the case here; the plaintiff is effectively seeking to appeal, in federal district court, the decision of state court. Therefore, in addition to the aforementioned reasons, the plaintiff's complaint against defendant Tremain will be dismissed under the *Rooker-Feldman* doctrine.

Moreover, to the extent that the plaintiff claims that the state court judgment was procured by fraud or deception, *see* Pl.'s Amended Compl., ¶ 6.V, the Court recognizes that this specific claim may fall outside the *Rooker-Feldman* abstention doctrine. *In re Sun*

*Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986)(recognizing that "A federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake. . . ." (quotations omitted)). However, the plaintiff's mere conclusory allegations of fraud in this regard, *see* Pl.'s Amended Compl, ¶ 6.I, X, are insufficient to withstand a motion to dismiss. *See Place*, 446 F.2d at 1244; *Leeds*, 85 F.3d at 53.

Finally, the Court notes that because the plaintiff's claims against Tremain are barred by at least the foregoing two rationales, the Court declines to examine the defendant's argument regarding collateral estoppel.

C.  Defendant Washington Mutual's "Motion for Summary Judgment"

Defendant Washington Mutual filed a motion on July 9, 2008, entitled "Motion for Summary Judgment." Although the motion is styled as a motion for summary judgment, *see* Fed. R. Civ. P. 56, Washington Mutual asks the Court to find that Plaintiff has failed to state a claim upon which relief can be granted, relying upon Federal Rule of Civil Procedure 12(c). Even though the motion is styled as one for summary judgment, because a motion for summary judgment is generally disfavored before the opposing party has completed discovery, *see Short v. Oaks Correctional Facility*, 129 Fed. Appx. 278, 281 (6th Cir. 2005), and because the defendant's supporting brief is entirely consistent with a motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(c), the Court will disregard the language seeking summary judgment and treat the motion as one solely for a judgment on the pleadings.

"The standard of review for a judgment on the pleading is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Therefore, as set forth above, the Court must examine the plaintiff's complaint and test "whether as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *See Minger*, 239 F.3d at 797.

Examining the plaintiff's complaint and considering the arguments presented in defendant Washington Mutual's motion, the Court finds that the complaint against Washington Mutual fails for the same reasons it failed against defendant Tremain. First, as a private company, Washington Mutual is not liable under 42 U.S.C. § 1983 unless one of the established exceptions is present. *See* 42 U.S.C. § 1983. As discussed above, § 1983 provides a remedy when an individual has been deprived a constitutional right by a person acting under the color of law, *Flagg Bros.*, 436 U.S. at 156, where "under color of law" is the equivalent of "state action" under the Due Process clause considerations. *Price*, 383 U.S. at 794 n.7. Therefore, a claim under § 1983 must allege some governmental action, not merely private action. *See Lugar*, 457 U.S. at 930; *Price*, 383 U.S. at 794-95. Restated, it is well established that the "traditional definition of acting under state color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 50 (1988)(internal quotations omitted).

Foreclosure by advertisement does not constitute state action. *Northrip*, 527 F.2d at 26-29. Furthermore, the plaintiff's allegations of conspiracy between Washington Mutual and the other defendants are merely conclusory: "Many weeks after the non-judicial, extra-legal abuse conspired to and committed by Michael J. McEvoy, William J. Richards, Robert A. Tremain, and WASHINGTON MUTUAL BANK, [the Plaintiff] exercised her federally protected right to remedy under 42 U.S.C. § 1983." Pl's Amended Compl, ¶ 6.X. Such conclusory statements are insufficient to withstand a motion to dismiss. *See Place*, 446 F.2d at 1244; *Leeds*, 85 F.3d at 53.

Additionally, the Court is barred from reviewing the claims against Washington Mutual based upon the *Rooker-Feldman* doctrine, for the same reasons stated above with respect to defendant Tremain. *See e.g., Bisbee*, 3 Fed. Appx. at 823. As a result of this analysis, the claims against Defendant Washington Mutual fail.

D. Defendants Richards and McEvoy

The plaintiff's complaint also asserts claims against the Honorable William J. Richards and Michael J. McEvoy. The plaintiff filed the original complaint on April 21, 2008, and her amended complaint on May 20, 2008. Although the defendants Washington Mutual and Tremain have filed dispositive motions with respect to the plaintiff's complaint, there is no record that McEvoy or Richards have ever received notice of this cause of action. According to the docket, no summonses were ever issued to– or served by– the plaintiff on these defendants. No attorneys for McEvoy or Richards have filed an appearance or a responsive pleading in this case. Additionally, a review of the docket fails

to indicate that the plaintiff has taken *any* action against either of these defendants. Therefore, the Court will dismiss the complaint against Richards and McEvoy for failure to prosecute. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Moreover, with respect to Judge Richards, the Court finds alternate grounds to dismiss the complaint. When a non-prisoner plaintiff, such as Burrows, is proceeding *in forma pauperis*, *see* docket entry #8, the Court has an obligation to examine the complaint under the requirements of 28 U.S.C. § 1915. See *McGore v. Wigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Under § 1915, a complaint must be dismissed at any time the court determines that the action fails to state a claim on which relief may be granted or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In the present case, the plaintiff seeks relief against the Honorable William J. Richards, District Judge for the 46th Judicial District of Michigan, relating to his judicial actions in the aforementioned state court cause of action. However, it is well settled that judicial officers are absolutely immune from claims for damages under § 1983 arising out of their judicial actions. *Pierson v. Ray*, 386 U.S. 547, 554 (1967)("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly. . ."); *Mireles v. Waco*, 502

15

U.S. 9, 9-10 (1991); *Cooper v. Parrish*, 203 F.3d 937 (6th Cir. 2000). Although there are two recognized exceptions to the judicial immunity doctrine, *see Mireles*, 502 U.S. at 11-12, the plaintiff has not alleged any actions that would fall within either exception. *See id.* As a result, the plaintiff's complaint against the Honorable William J. Richards must be dismissed on this ground as well.

CONCLUSION

Accordingly, for all the foregoing reasons, **IT IS HEREBY ORDERED** that the plaintiff's motion for recusal [docket entry #10] is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's complaint against all the defendants is **DISMISSED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: November 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager